IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VIRGIL E. DAY; MEL HOOMANAWANUI; JOSIAH L. HOOHULI; PATRICK L. KAHAWAIOLAA; and SAMUEL L. KEALOHA, JR., | ) ) ) ) ) ) | CIVIL NO. 05-00649 SOM-BMK<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY CLAYTON HEE AND CHARLES OTA |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| HAUNANI APOLIONA, individually and in her official capacity as Chairperson and Trustee of the Office of Hawaiian Affairs;  ROWENA AKANA; DANTE CARPENTER; DONALD CATALUNA; LINDA KEAWE`EHU DELA CRUZ; COLETTE Y. PI`IPI`I MACHADO; BOYD P. MOSSMAN; OSWALD STENDER; and JOHN D. WAIHE`E, IV, individially and in their official capacities as Trustees of the Office of Hawaiian Affairs; and CLAYTON HEE and CHARLES OTA, individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
FILED BY CLAYTON HEE AND CHARLES OTA

I.        INTRODUCTION.

        Plaintiffs allege that they are "native Hawaiians," as

that term is defined under the Hawaiian Homes Commission Act, 42

Stat. 108 (1921) ("HHCA").  See Complaint (Oct. 13, 2005) ¶ 1.

Plaintiffs allege that, as such native Hawaiians, they are

beneficiaries of the public land trust created by the act of

Congress that made Hawaii a state.  See P.L. 86-3 (March 18,
1959), reprinted in 73 Stat. 4, 5 ("Admission Act"); Complaint
¶ 3.  Plaintiffs allege that one of the five enumerated purposes
of that public land trust is for the betterment of the conditions
of native Hawaiians.  See 73 Stat. at 6.  Under Chapter 10 of the
Hawaii Revised Statutes, the Office of Hawaiian Affairs ("OHA")
receives funds derived from the public land trust created by the
Admission Act.  Plaintiffs say that OHA is breaching the public
land trust by spending these funds on things other than the
betterment of the conditions of native Hawaiians.  See Complaint
¶¶ 7-11.

          The Complaint asserts four counts, only one of which is
against Clayton Hee and Charles Ota.  In relevant part,
Plaintiffs seek relief under 42 U.S.C. § 1983 against Hee and
Ota, former trustees of OHA, in their individual capacities,
alleging that Hee and Ota violated § 1983 when, as OHA trustees,
they caused public land trust revenue to be spent on things
unrelated to the betterment of the conditions of native
Hawaiians.  See Complaint ¶ 6 and Count I.  Hee and Ota now move
for summary judgment, arguing that the two-year statute of
limitations for § 1983 claims bars the claim against them filed
on October 13, 2005, as they have not been trustees of OHA since
November 2002.  This court agrees that Plaintiffs' § 1983 claim
against Hee and Ota is barred by the two-year statute of

limitations.  Summary judgment is granted in favor of Hee and Ota.[1]

II.     STANDARD OF REVIEW.

        Motions brought on statute of limitations grounds for § 1983 claims may be analyzed under Rule 12(b)(6).  See McDougal v. County of Imperial, 942 F.2d 668, 670 (9th Cir. 1991).  In this case, however, because the court has examined evidence as to when Hee and Ota ceased being OHA trustees, the court treats their motion as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

        Summary judgment shall be granted when

> the pleadings, depositions, answers to
> interrogatories, and admissions on file,
> together with the affidavits, if any, show
> that there is no genuine issue as to any
> material fact and that the moving party is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  One of the principal

---

[1]The court decides this motion without a hearing pursuant to Local Rule 7.2(d), which states that "[t]he court, in its discretion, may decide any motion without a hearing."

The court decides this motion solely on statute of limitations grounds, making no ruling as to whether OHA is spending public land trust revenue or other money for things unrelated to the betterment of the conditions of native Hawaiians.

purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).  The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial."  Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477

4

U.S. 242, 256 (1986)).  "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence'" must be produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.  "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial."  Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d

1466, 1468 (9th Cir. 1987) (citing <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 587).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. <u>Porter</u>, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. <u>Id.</u> However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.

III.     <u>ANALYSIS.</u>

In Count I of the Complaint, Plaintiffs allege that Hee and Ota violated 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory or the District of
> Columbia, subjects, or causes to be
> subjected, any citizen of the United States
> or other person within the jurisdiction
> thereof to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress . . . .

Hee and Ota argue that Plaintiffs did not file their § 1983 claim within the applicable statute of limitations. The statute of limitations period for § 1983 actions is "a State's personal injury statute of limitations." Owens v. Okure, 488 U.S. 235, 240-41 (1989); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000) ("The length of the limitations period for § 1983 actions is governed by state law."); Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) ("State law determines the statute of limitations for § 1983 suits.").

In Hawaii, the statute of limitations applicable to § 1983 actions is found in section 657-7 of the Hawaii Revised Statutes, Hawaii's two-year "general personal injury" provision.[2] Cole v. Hawaii, 2006 W.L. 278595, *6 (D. Haw. Jan. 25, 2006) ("Hawaii's two-year statute of limitations for personal injury actions, HRS § 657-7, applies to Cole's § 1983 claim."); Pascual v. Matsumura, 165 F. Supp. 2d 1149, 1151 (D. Haw. 2001) ("The statute of limitations applicable to § 1983 actions in Hawaii is Haw. Rev. Stat. § 657-7, the two-year, "general personal injury" provision."); Allen v. Iranon, 99 F. Supp. 2d 1216, 1238 (D. Haw. 1999) ("In Hawaii, the statute of limitations for actions under Section 1983 is two years from the date of the violation."),

---

[2]Haw. Rev. Stat. § 657-7 states: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after."

aff'd on other grounds, 283 F.3d 1070 (9th Cir. 2002); Pele
Defense Fund v. William Paty, 73 Haw. 578, 597, 837 P.2d 1247,
1260 (1992) (the two-year statute of limitations set forth in
section 657-7 governs § 1983 actions); see also Price v. Hawaii,
939 F.2d 702, 708 n.7 (9th Cir. 1991) (citing section 657-7 in
dicta for the proposition that the statute of limitations would
have run on a § 1983 claim).

        In their Opposition, Plaintiffs recognize that courts
have consistently applied the two-year statute of limitations
contained in section 657-7 to § 1983 claims in Hawaii, but they
"suggest" that the court should apply the six-year statute of
limitations contained in section 657-1(4) of the Hawaii Revised
Statutes, Hawaii's residual statute of limitations for actions
not otherwise covered by state law.  See Opposition at 3.  This
"suggestion" is meritless.  Section 657-1(4) is inapplicable
given section 657-7, Hawaii's statute of limitations for personal
injury actions.  See Del Percio v. Thornsley, 877 F.2d 785, 786
(9th Cir. 1989) (holding that California's general personal
injury statute of limitations applies to § 1983 actions, rather
than its "catchall" statute of limitations); Perez v. Seevers,
869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (holding that a
state's residual statute of limitations for all actions applies
to a § 1983 claim only when the state does not have a residual
statute of limitations for personal injury actions); Ho v. Born,

Civ. No. 93-00261 ACK, slip op. at 5-7 (D. Haw. July 20, 1993) (noting that the statute of limitations contained in section 657-1(4) had previously been applied to § 1983 actions, but holding that the statute of limitations contained in section 657-7 now applies to § 1983 actions), aff'd, 29 F.3d 632 (9ᵗʰ Cir. 1994) (unpublished memorandum disposition); accord Linville v. Hawaii, 874 F. Supp. 1095, 1104 n.5 (D. Haw. 1994).

There is no dispute that Hee and Ota ceased being OHA trustees on or about November 2, 2002. See Declaration of Clayton Hee (Dec. 12, 2005) ¶ 3; Declaration of Charles Ota (undated) ¶ 3; Defendants' Concise Statement of Facts (Dec. 12, 2005) ¶ 3; Plaintiffs' Separate Acceptance of the Facts Set Forth In Defendants Hee and Ota's Concise Statement of Facts (Feb. 8, 2006). Because Plaintiffs are seeking to hold Hee and Ota individually liable for actions they took when they were OHA trustees, and because those actions had to have occurred more than two years before Plaintiffs filed this Complaint on October 13, 2005, the two-year statute of limitations bars the § 1983 claims asserted against Hee and Ota. Accordingly, summary judgment is granted in favor of Hee and Ota on the only claim asserted against them in the Complaint.[3]

---

[3]In Plaintiffs' Opposition, they discuss what they call pendant state-law claims, but admit that they did not "specifically allege" pendant state-law claims against Hee and Ota in the Complaint. In fact, Plaintiffs did not invoke this court's supplemental jurisdiction in the Complaint at all,

IV.        <u>CONCLUSION.</u>

Because the two-year statute of limitations bars Plaintiffs' § 1983 claim against Hee and Ota, summary judgment is granted in their favor.  This order disposes of all the claims asserted against Hee and Ota in the Complaint.  However, Plaintiffs are granted leave to file an amended complaint no later than March 10, 2006, to assert pendant state-law claims against Hee and Ota, provided any such amended pleading makes it clear that Plaintiffs' new claims are timely and not inconsistent

---

stating only that this court has jurisdiction over this action because it involves a civil rights claim under 28 U.S.C. § 1343. <u>See</u> Complaint ¶ 1.  Because the Complaint does not allege state-law claims against Hee and Ota, this court expresses no indication as to whether any such claims would or would not be barred by the applicable statute of limitations.  If Plaintiffs desire to assert pendant state-law claims against Hee and Ota, they are granted leave to file an amended complaint adding those state-law claims no later than March 10, 2006, with the conditions set forth in the text of the "Conclusion" section of this order.

with the present order.  The claims asserted against the other

Defendants remain for further adjudication.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 22, 2006.

Susan Oki Mollway
United States District Judge


Day v. Apoliona, Civil No. 05-00649 SOM-BMK; ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY CLAYTON HEE AND CHARLES OTA