IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES I. KUROIWA, JR., et al., | ) ) ) | CIVIL NO. 08-00153 JMS/KSC<br>CIVIL NO. 05-00649 SOM/BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER DENYING MOTION TO<br>CONSOLIDATE AND EX PARTE MOTION<br>TO SHORTEN TIME FOR HEARING ON |
| LINDA LINGLE, et al., | ) ) | MOTION TO CONSOLIDATE |
| Defendants. | ) ) | |
| _____ | ) ) | |
| VIRGIL E. DAY, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| HAUNANI APOLIONA, et al., | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Intervener-<br>Defendant. | ) ) ) | |
| _____ | ) | |

ORDER DENYING MOTION TO CONSOLIDATE AND EX PARTE MOTION TO
SHORTEN TIME FOR HEARING ON MOTION TO CONSOLIDATE

On May 29, 2008, Plaintiffs in Kuroiwa v. Lingle, Civ. No. 08-00153 JMS/KSC, filed a motion to consolidate an upcoming hearing in that case with a hearing scheduled in Day v. Apoliona, Civ. No. 05-00649 SOM/BMK. Both of these cases involve a trust created when Hawaii was admitted as a state. This "public trust" is to be used for one or more of the following:

>   [1] for the support of the public schools and other public educational institutions,
>   [2] for the betterment of the conditions of native Hawaiians, as defined in the Hawaiian Homes Commission Act, 1920, as amended,
>   [3] for the development of farm and home ownership on as widespread a basis as possible[,][4] for the making of public improvements, and [5] for the provision of lands for public use.

P.L. 86-3 (March 18, 1959), reprinted in 73 Stat. 4, 6.

In 1978, the Office of Hawaiian Affairs ("OHA") was established by a state constitutional amendment. See Haw. Const. art. XII, §§ 5-6. The purposes of OHA include 1) bettering the condition of Hawaiians and native Hawaiians;[1] 2) serving as the principal state agency responsible for the performance, development, and coordination of programs and activities relating to Hawaiians and native Hawaiians; 3) assessing the policies and practices of other agencies affecting Hawaiians and native Hawaiians; 4) applying for, receiving, and disbursing grants and donations from all sources for Hawaiian and native Hawaiian programs and services; and 5) serving as a receptacle for

---

[1] As used in the chapter governing OHA, "Hawaiian" means "any descendent of the aboriginal peoples inhabiting the Hawaiian Islands which exercised sovereignty and subsisted in the Hawaiian Islands in 1778, and which peoples thereafter have continued to reside in Hawaii."  Haw. Rev. Stat. § 10-2.  "Native Hawaiian" means "any descendant of not less than one-half part of the races inhabiting the Hawaiian Islands previous to 1778, as defined by the Hawaiian Homes Commission Act, 1920, as amended; provided that the term identically refers to the descendants of such blood quantum of such aboriginal peoples which exercised sovereignty and subsisted in the Hawaiian Islands in 1778 and which peoples thereafter continued to reside in Hawaii."  Id.

reparations.  Haw. Rev. Stat. § 10-3.  OHA was charged with the responsibility of administering and managing some of the public trust proceeds.  See Price v. Akaka, 3 F.3d 1220, 1222 (9th Cir. 1993).

In Kuroiwa v. Lingle, Civ. No. 08-00153 JMS/KSC, Plaintiffs allege that, although they are not ethnically Hawaiian, they are beneficiaries of the public trust because they are citizens of the State of Hawaii.  They contend that distributions from this public trust benefitting persons of Hawaiian ancestry--as opposed to all citizens of the State of Hawaii--violate the Fifth and Fourteenth Amendments.  Plaintiffs in Kuroiwa seek to dismantle OHA and to prevent the public trust from being used in a manner that benefits only Hawaiians and native Hawaiians.  See Six Non-Ethnic Hawaiians' Complaint for Breach of Trust and Deprivation of Civil Rights and to Dismantle Office of Hawaiian Affairs, Civ. No. 08-00153 JMS/KSC (Apr. 3, 2008).

In Day v. Apoliona, Civ. No. 05-00649 SOM/BMK, on the other hand, Plaintiffs claim to be "native Hawaiians," meaning descendants of not less than one-half part of the races inhabiting the Hawaiian Islands previous to 1778, as defined by the Hawaiian Homes Commission Act, 1920, as amended.  Plaintiffs in Day contend that the use of public trust funds to benefit Hawaiians in general violates trust law.  Plaintiffs in Day do

3

not seek to dismantle OHA or to have the trust funds used for the public generally. Instead, they seek to limit the use of trust funds for purposes that benefit "native Hawaiians" only. They also seek to have trust funds that have been expended to benefit Hawaiians in general restored to the trust. See First Amended Complaint (March 10, 2006).

On May 9, 2008, OHA-related Defendants filed a Motion for Judgment on the Pleadings in the Kuroiwa case. They argue that Plaintiffs in that case lack trust beneficiary standing to assert that trust funds are being improperly spent and that their claims are foreclosed by the Ninth Circuit's decision in Arakaki v. Lingle, 477 F.3d 1048 (9th Cir. 2007). They also argue that the complaint fails to allege a viable public trust violation. Finally, OHA-related Defendants in Kuroiwa contend that they are not "persons" for purposes of the 42 U.S.C. § 1985 claim asserted in the complaint and that the § 1985 claim was not properly pled. See OHA Defendants' Motion for Judgment on the Pleadings, Civ. No. 08-00153 JMS/KSC (May 9, 2008).

On March 27, 2008, Defendants in the Day case filed a motion for summary judgment. This motion argues that they acted in accordance with their common law trust duties, that they have qualified immunity with respect to the claims asserted in the Day complaint, and that some of the claims asserted are not ripe.

4

See Second Motion for Summary Judgment, Civ. No. 05-00649 SOM/BMK (Mar. 27, 2008).

Plaintiffs in Kuroiwa now seek to consolidate the upcoming hearing on the Motion for Judgment on the Pleadings in Kuroiwa with the hearing on the Second Motion for Summary Judgment in Day.  They argue that, because both cases question whether public trust funds are being properly expended on lobbying for a federal bill recognizing Hawaiians, the hearings should be consolidated.  This court declines to consolidate the hearings.

A district court has broad discretion under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate matters pending in the same district.  See Investors Research Co. v. United States Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989); see also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d ed. 2008).  Rule 42(a)(1) provides for consolidation of a hearing or a trial when "actions before the court involve a common question of law or fact."  Local Rule 40.2 similarly provides that consolidation is appropriate when cases "involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any other reason

said cases could be more expeditiously handled if they were all heard by the same district judge."

Although some of the claims in the <u>Kuroiwa</u> and the <u>Day</u> cases involve the same factual bases--the expenditure of ceratin trust funds, different remedies are sought in the cases.  In <u>Kuroiwa</u>, Plaintiffs seek to prevent the expenditure of funds that benefit Hawaiians and native Hawaiians.  In <u>Day</u>, Plaintiffs seek to limit the expenditure of the funds to matters that benefit only native Hawaiians.  Although both cases have a similar factual foundation, the upcoming motions involve completely different issues.  Under these circumstances, consolidation of the hearings would not result in a more expeditious handling of the matters.  To the contrary, wholly irrelevant issues would be inserted into each case.  This court declines to consolidate the hearings.  This ruling renders moot the <u>ex parte</u> motion to shorten time to have a hearing on the consolidation motion.

The court notes that, in future proceedings before this court, Plaintiffs in <u>Kuroiwa</u> should take care to comply with all applicable Local Rules.  The motion to consolidate violated the

font-size requirement in Local Rule 10.2.  Future violations of Local Rules may result in sanctions, including fines and/or the striking of filings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Kuroiwa v. Lingle, Civ. No. 08-00153 JMS/KSC; and Day v. Apoliona, Civ. No. 05-00649 SOM/BMK; ORDER DENYING MOTION TO CONSOLIDATE AND EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON MOTION TO CONSOLIDATE